IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTI BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:12cv19-WHA |
| ARMY FLEET SUPPORT, LLC, and ) | |
| RONALD REEVES, ) | (wo) |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion for More Definite Statement filed by Defendant Ronald Reeves (Doc. #7), a Motion for Partial Dismissal filed by Defendant Ronald Reeves (Doc. #8), a Motion for Enlargement of Time to File Answer (Doc. #9), and a Motion for More Definite Statement as to Claim for Invasion of Privacy (Doc. #10) filed by Army Fleet Support, LLC.

The Plaintiff, Marti Barnett, filed a Complaint in this case bringing claims against Army Fleet Support, LLC ("Army") for hostile environment (Count I), against Army for negligent supervision and retention (Count II), against Army for wanton supervision and retention (Count III), against Ronald Reeves ("Reeves") and Army for invasion of privacy (Count IV), and against Reeves and Army for outrageous conduct (Count V).

In the Complaint, the Plaintiff has detailed acts of alleged sexual harassment to which she states she was subjected by her supervisor, Reeves, while employed by Army. In paragraphs 8 through 108 Barnett details her allegations of harassment and the circumstances surrounding those events.

The counts for relief incorporate the factual paragraphs by reference.  The counts specifically identified in the Motion for More Definite Statement filed by Reeves are the counts of invasion of privacy and outrageous conduct, and the count identified in the Motion for More Definite Statement by Army is the claim for invasion of privacy.

Reeves seeks dismissal of Counts II and III, and seeks an enlargement of time to file an Answer to Count I of the Complaint.

For reasons to be discussed, the Motions for More Definite Statement are due to be GRANTED, the Motion for Extension of Time to File Answer is due to be GRANTED, and the Motion for Partial Dismissal is due to be DENIED as moot.

## II.  STANDARDS FOR MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See  Ashcroft v. Iqbal,* _ U.S. _,  129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).   To survive a

motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

### III.  DISCUSSION

Reeves moves for an extension of time in which to file an Answer to Count I of the Complaint.  Although Count I is only asserted against Army, to the extent that Reeves would be required to file an Answer to Count I, his motion for an extension of time is due to be GRANTED.

As to the Motion for Partial Dismissal filed by Reeves as to Counts II and III, Reeves contends that the counts should be dismissed as against him because no relief is sought against him in those counts.  The Plaintiff responds that because Counts II and III are only asserted against Army and not against Reeves, the motion should be denied as moot.  The court agrees that there is no need to dismiss Counts II and III as against Reeves as those counts are brought explicitly only against Army.   Therefore, the Motion for Partial Dismissal is due to be DENIED as moot.

As to the Motion for More Definite Statement by Reeves, in her response, the Plaintiff does not address the argument that she ought to have pled which of the alleged actions in her Complaint she means to assert as claims of invasion of privacy and outrageous conduct, other

3

than to state that her claims have been sufficiently pled.  Army has also argued that there are multiple legal bases for a claim of invasion of privacy, but it is unclear which legal basis is relied upon by the Plaintiff.  The Plaintiff has not responded to that argument.

An invasion of privacy claim has been recognized under Alabama law where there is an invasion of privacy stemming from sexual harassment.  *See Phillips v. Smalley Maintenance Services, Inc.*, 435 So.2d 705 (Ala.1983).  This appears to be the theory that the Plaintiff is asserting, but if the Plaintiff intends to proceed on any other invasion of privacy theory, she should so specify in an Amended Complaint.

Because the Complaint incorporates all of the factual paragraphs by reference, it is unclear whether the Plaintiff seeks to base her claims of invasion of privacy and outrageous conduct on a single action in each count, or, if she is relying on multiple facts for a single claim, which facts make up each of those claims.  Therefore, the court will grant the Motions for More Definite Statement and give the Plaintiff time in which to file an Amended Complaint so as to specify which of the alleged facts form the basis of her invasion of privacy and outrageous conduct claims.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion for Enlargement of Time (Doc. #9) is GRANTED, and an Answer to Count I will become due at the same time as an Answer to any remaining counts after amendment of the Complaint.

2.  The Motion for Partial Dismissal (Doc. #8) filed by Ronald Reeves is DENIED as moot because Counts II and III are only asserted against Defendant Army Fleet Support, LLC.

      3.  The Motions for More Definite Statement (Doc. #7, #10) are GRANTED and the Plaintiff has until March 9, 2012 to file an Amended Complaint which specifies whether she intends to assert multiple claims, or only one claim, for invasion of privacy and outrageous conduct, and the invasion of privacy theory or theories under which she seeks to proceed.  If she intends to make multiple claims, the separate claims should be set out in separate counts.  The Amended Complaint should also specify which of the factual statements alleged in the Complaint form the basis of the claims for invasion of privacy and outrageous conduct.

      The Amended Complaint should be complete unto itself, pursuant to Local Rule 15.1.

Done this 24th day of February, 2012.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE